FILED
OCT 13 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MADELEINE DENNISON,

    Plaintiff,

v.

AIR CANADA,

    Defendant.

CV 10-420-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

    Plaintiff Madeleine Dennison brought this action against defendant Air Canada on April 15, 2010. Dennison alleges Air Canada's liability in connection with injuries she received while on board an Air Canada commercial aircraft on the ground in Vancouver, British Columbia, Canada, prior to taking off for Portland, Oregon, U.S.A.

    Now before the court is Dennison's motion (#9) to compel Air Canada to produce its passenger list for the Vancouver-Portland flight on which she was injured. I have considered the motion, oral argument on behalf of the parties, and all of the pleadings on file. For the reasons set forth below, the motion to compel is granted.

Page 1 - OPINION AND ORDER

## LEGAL STANDARD

Federal Civil Procedure Rule 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Rule 26(b)(1) is to be construed broadly, and encompasses any matter that bears on, or that reasonably could lead to other matters that would bear on, any issue that is or may be in the case. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 351 n. 12 (1978).

If a party elects to oppose a propounding party's discovery requests, the opposing party bears the burden of establishing that the discovery is overly broad, unduly burdensome or not relevant. *See Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-4 (S.D. Ind. 2000). "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condominium Owners Assoc.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see also Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006).

Federal Civil Procedure Rule 37(a)(3)(B) empowers a propounding party to "move for an order compelling . . . production" if "a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34." Fed. R. Civ. Pro. 37(a)(3)(B). Rule 26 provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. Pro. 26(b)(1).

## FACTUAL BACKGROUND

Plaintiff Dennison, a California resident who walks with the assistance of a cane or walker, alleges that on August 1, 2009, she suffered injury while aboard a commercial aircraft operated by defendant Air Canada. At the time the injury occurred, the aircraft was on the ground in Vancouver, British Columbia, Canada, and was scheduled to take off for Portland,

Oregon, U.S.A., as Air Canada Flight 8127.

Dennison alleges that, although her Air Canada ticket clearly indicated that she required wheelchair assistance to board the Vancouver-Portland flight, no wheelchair was initially made available to her, and by the time the necessary wheelchair arrived, the time allotted for boarding was nearly spent. Once the wheelchair became available, Dennison used it to reach the aircraft, whereupon she attempted to make her way to her assigned seat, using her cane for support. Dennison alleges that an Air Canada flight attendant demanded that she give up her cane for stowage, as the plane was by that time late for takeoff. Dennison alleges that she declined to do so, indicating that she needed her cane in order to reach her seat. Dennison alleges that the flight attendant responded by snatching her cane from her grasp, simultaneously shoving her forward, causing her to fall to the ground and suffer injury.

Dennison filed this action on April 15, 2010. In the course of discovery in this action, Dennison requested that Air Canada produce the passenger list for Flight 8127. Air Canada refused to produce the list absent a court order requiring it to do so. Counsel for the parties conferred on multiple occasions regarding their dispute over production of the list, and Dennison offered to stipulate to permitting Air Canada to produce the list subject to an appropriate protective order. Air Canada continued steadfast, refusing to produce the list. Dennison moved to compel production of the Flight 8127 passenger list on August 18, 2010.

## ANALYSIS

It is Dennison's position that she is entitled to production of the passenger list because it is clearly relevant to her claims, arguing that all passengers on Flight 8127 are potential witnesses to her injury. Air Canada does not oppose production on relevance grounds, but rather takes the


position that production would be unduly burdensome by operation of Canadian federal and provincial laws – specifically, the federal Personal Information Protection and Electronic Documents Act (the "PIPEDA") and the Quebec Business Concerns Records Act (the "QBCRA") – that could potentially expose it to criminal and/or civil liability if it produces the passenger list. For the reasons that follow, I find that Air Canada has failed to establish that production would be unduly burdensome due either to the PIPEDA or to the QBCRA.

Both Canada and the United States are parties to the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, Treaty Doc. No. 106-45, 2242 U.N.T.S. 350 (the "Montreal Convention"). Article 33 of the Montreal Convention governs jurisdiction over actions involving claims for damages against international commercial air carriers, including claims for damages involving injury to passengers. *See* Montreal Convention, Arts. 33, 17. Paragraph 1 of Article 33 provides that such actions must be brought within the territory of a signatory to the Convention, either within the jurisdiction containing the domicile or principal place of business of the carrier, within a jurisdiction where the carrier does business and entered into a contract with the plaintiff, or within the jurisdiction containing the destination of the flight in connection with which the damages occurred. *See id.*, Art. 33(1), (2). Paragraph 4 of Article 33 expressly provides that, in the event of such an action, "[q]uestions of procedure shall be governed by the law of the court seised of the case. *Id.*, Art. 33(4). Portland, Oregon, being the destination of the flight on which Dennison was injured, the Montreal Convention clearly provides for jurisdiction in this court, and further provides that federal procedural law will govern this action.

The Personal Information Protection and Electronic Documents Act is a Canadian privacy

law that prohibits the disclosure by any person of personal information belonging to another without the other person's consent or as required by law, including the other person's name and contact information. *See* PIPEDA, § 2; *id.*, Schedule 1, § 4.5. Persons who disclose private personal information in violation of the PIPEDA are subject to civil penalties. *See id.*, § 16. However, by its own terms, the PIPEDA permits the disclosure of personal information belonging to another without the other person's knowledge or consent where the disclosure is "required to comply with . . . an order made by a court . . . with jurisdiction to compel the production . . . ." *Id.*, § 7(3)(c). Under the Montreal Convention, this court is clearly a court with jurisdiction to compel production of the passenger list. Because Section 7(3)(c) of the PIPEDA would authorize production of the passenger list pursuant to this court's order, as a matter of law the PIPEDA would place no burden on Air Canada in the event production were ordered. The PIPEDA therefore provides no grounds for denying Dennison's motion to compel.

The Quebec Business Concerns Records Act, by contrast, is a so-called "blocking statute," the express purpose of which is "to impede successful litigation or prosecution in other jurisdictions by refusing recognition and compliance with orders issued there." *Hunt v. Lac d'Amiante du Québec Ltée*, 4 S.C.R. 289, ¶ 61 (C. S.C.C. 1993). The QBCRA provides, in relevant part, that:

> [N]o person shall, pursuant to or under any requirement issued by any legislative, judicial, or administrative authority outside Quebec, remove or cause to be removed, or send or cause to be sent, from any place in Quebec to a place outside Quebec, any document or resume or digest of any document relating to any concern.

QBCRA, ch. 278, § 2. The term "document" under the QBCRA includes "any . . . writing or material forming part of the records or archives of a business." *Id.*, § 1. Civil and criminal

penalties attach to persons violating the prohibition against transporting business records out of Quebec. *See* QBCRA, §§ 4, 5.

In *Hunt*, the Supreme Court of Canada considered whether "the provisions of the [QBCRA], a 'blocking statute', provide a 'lawful excuse' . . . such that Quebec defendants to a civil action in [another Canadian province] can refuse to comply. . . with a demand for discovery of documents." *Hunt*, 4 S.C.R. at ¶ 2. The court responded unambiguously in the negative, finding that the QBRC was unconstitutional under Canadian law as applied interprovincially. *See id.*, ¶¶ 67, 61-67. That is, the Canadian Supreme Court expressly held that, despite its plain language, the QBCRA does not excuse parties from producing in discovery documents maintained in Quebec and requested in the course of court actions proceeding in Canadian provinces other than Quebec. However, the court held that it was unnecessary, in light of the foregoing holding, to reach the question whether the QBCRA was wholly unconstitutional, or in the alternative whether it could be "'read down' to permit its application to jurisdictions outside the country." *Id.*, ¶ 68. Nevertheless, the court made statements in *dicta* suggesting that the logic of its decision might apply equally to international application of the QBCRA:

> The whole purpose of a blocking statute is to impede successful litigation or prosecution in other jurisdictions by refusing recognition and compliance with orders issued there. Everybody realizes that the whole point of blocking statutes is not to keep documents in the province, but rather to prevent compliance, and so the success of litigation outside the province that that province finds objectionable. This is no doubt part of sovereign right, but it certainly runs counter to comity. In the political realm it leads to strict retaliatory laws and power struggles. And it discourages international commerce and efficient allocation and conduct of litigation.

*Id.*, ¶ 61.

Here, however, I do not need to address the question whether Air Canada is subject to the

blocking provisions of the QBCRA for purposes of discovery requests made in the course of litigation in this district. Air Canada has offered no evidence to suggest that the Flight 8127 passenger list exists only in business records maintained in Quebec, and does not exist in any records maintained in any other Canadian province or in any location outside of Canada. Indeed, it appears highly likely that passenger information collected in connection with a flight from British Columbia to Oregon was collected and/or maintained within British Columbia, either rather than or in addition to Quebec, since that information was necessarily to be used in British Columbia on the day of the flight.

It being Air Canada's burden to establish that production would be unduly burdensome, it is equally Air Canada's burden to establish the applicability of the QBCRA to production of the passenger list in this action. Air Canada having failed to establish that the QBCRA has any applicability to production of the passenger list, the record before me provides no grounds for concluding that Air Canada would be subject to any significant burden in the event production were ordered.

Moreover, on the *arguendo* assumption that the passenger list is a business record located in Quebec and only in Quebec, so that Air Canada lacks access to any copy of the passenger list or to the information it contains in any location outside of Quebec, I would still order Air Canada to produce the list. First, Air Canada has not established that this court owes any duty of comity that would require it to bow to the dictates of a blocking statute enacted by a Canadian province. Second, in part because the procedures required under the QBCRA for seeking authorization to produce Quebecois documents in extraprovincial litigation are not binding on the parties *qua* litigants before this court, and in part because if the requested information exists only in Quebec

Page 7 - OPINION AND ORDER

and nowhere else it does so as a result of Air Canada's decisions and/or actions, it is Air Canada and not Dennison that properly should bear any procedural burden required in connection with seeking authorization for Air Canada to disclose the passenger list outside Quebec.

Because Air Canada has not met its burden to establish that production of the passenger list would be unduly burdensome, and because the passenger list is clearly relevant to Dennison's claims, Dennison's motion to compel production of the passenger list is granted.

## CONCLUSION

For the reasons set forth above, Dennison's motion (#9) to compel production of the August 1, 2009, passenger list for Air Canada Flight 8127 is granted.

Dated this 13th day of October, 2010.

_____
Honorable Paul Papak
United States Magistrate Judge